## CITY–CENTRAL BANK & TRUST CO. et al. v. CORDER et al.

### No. 3326.

Court of Civil Appeals of Texas. El Paso.

Feb. 27, 1936.

Rehearing Denied March 19, 1936.

See, also (Tex.Civ.App.) 45 S.W.(2d) 742.

George M. Mayer, of San Antonio, and G. B. Fenley, of Uvalde, for appellants.

Morriss & Morriss, of San Antonio, and K. K. Woodley, of Sabinal, for appellees.

WALTHALL, Justice.

This suit was brought December 1, 1930, by plaintiffs Lillian Price Corder, joined by her husband, Eugene Corder, against defendants, City-Central Bank & Trust Company of San Antonio, and A. J. Lewis, substitute trustee, to enjoin the sale of certain lands in Uvalde county, Tex., under a deed of trust securing an indebtedness which plaintiffs claim was an indebtedness of the husband only and to cancel and hold said deed of trust for naught and to remove the same as a cloud upon the title of said lands. It is alleged that the lands were the separate property of the wife, inherited from her deceased parents; that the deed of trust was executed by the wife joined by the husband, on September 25, 1922, to secure the payment of an indebtedness to the City National Bank of San Antonio, evidenced by a note executed by plaintiffs in the principal sum of $15,-925.94; that about September 14, 1926, plaintiffs executed a note for $55,060.40, in renewal of the indebtedness of the husband to said bank, and on September 29, 1926, plaintiffs, to secure said indebtedness, executed a renewal and extension of the deed of trust lien on said lands; that at the time the two deeds of trust were executed the defendant bank held other and additional securities for the husband's indebtedness; that such indebtedness, less certain credits, and the liens and securities mentioned, were acquired by defendant bank from the City National Bank of San Antonio, as the successor to the City National Bank of San Antonio.

It is alleged that the liens of the said two deeds of trust had been extinguished and lost to defendant bank, (a) because the defendant bank and the City National Bank, through a course of dealing with plaintiff husband, beginning when the original deed of trust was executed and continuing to about June 1, 1930, and without the knowledge or consent of the wife, had

released, altered, and permitted substitutions for collateral and securities held by the defendant bank for the indebtedness of plaintiff husband; and (b) because the said indebtedness of the plaintiff husband had been extinguished by payments made from time to time, manifest on the defendant bank records.

We might state here that the deeds of trust each provide substantially that it was to secure the notes described with renewals and extensions; also for the purpose of securing any and all demands, notes, overdrafts, acceptances, or obligations of any kind of plaintiffs, to the City National Bank, now owing or thereafter contracted by either of plaintiffs.

It was alleged that said lands were about to be sold by substitute trustee defendant Lewis under the deed of trust, and if sold an irreparable damage would result.

Plaintiffs ask for injunction restraining the sale, for judgment canceling the deed of trust liens, for an adjudication that the plaintiffs were not indebted to the defendant bank for costs, and general relief.

Subsequent to the filing of the suit, the defendant bank closed its doors and voluntarily placed itself in the hands of the Banking Commissioner for liquidation. Defendants answered on March 2, 1932, by plea in abatement to the effect that defendant bank was in the hands of the Banking Commissioner for liquidation, and the suit be abated and the Banking Commissioner be made a party. Subject to the plea the defendant bank answered to the merits of the suit. By cross-action defendant bank declared upon two notes each signed by plaintiffs, one dated January 15, 1930, for the principal amount of $11,646.19, due April 15, 1930, and the other dated January 31, 1930, for the principal amount of $625.-50, due March 3, 1930, and represented that the notes represented renewals and extensions of indebtedness secured by said deed of trust. Defendant asked for judgment on the two notes, and foreclosure of the deed of trust. No action was taken on the plea in abatement at any time.

Then follow other pleadings. On March 4, 1932, plaintiffs, by supplement, filed answer to the defendants' cross-action.

Subsequent to the filing of defendants' answer and cross-action the Federal Land Bank of Houston foreclosed a prior lien on 3,311 acres, more or less, of the lands here involved, and left remaining of said lands 1,793½ acres.

On March 2, 1934, the defendant bank filed its third amended original answer and cross-action on which it went to trial, consisting of demurrers, general and special, general denial, special denial that it altered or substituted securities or collateral as alleged by plaintiffs, and alleged that as to such transactions not had with plaintiff wife, the plaintiff husband was acting as her authorized agent and with her knowledge and consent and for her benefit. Defendants' cross-action declared upon the identical notes described in plaintiffs' pleadings and the deed of trust securing their payment. The defendants' answer and cross-action alleged that the indebtedness declared upon and the deed of trust lien had been assigned to the South Texas Bank & Trust Company on or about August 10, 1932, by the Banking Commissioner, receiver of the defendant bank, in liquidation.

On February 18, 1935, plaintiffs filed their plea in abatement and motion to strike out defendants' cross-action for want of interest in the subject-matter pleaded.

The court sustained the plea in abatement and denied defendant leave to amend and dismissed the cross-action. At the same time the court granted the South Texas Bank & Trust Company leave to intervene and be substituted in the suit for the defendant bank, but denied intervener the right to be substituted for the defendant bank as to its cross-action.

The intervener bank alleged that, for a valuable consideration, the Banking Commissioner, as receiver of the defendant bank, had assigned to it the cause of action and the notes, liens, and other instruments executed by plaintiffs in favor of the City National Bank and the defendant bank, and that intervener was the real party at interest, and that it adopted the allegations and pleadings filed by the defendant bank and the pleadings filed originally by intervener in its own behalf.

The court sustained plaintiffs' supplemental petition in which plaintiffs moved the court to strike the petition of intervention in so far as it sought to adopt defendant's cross-action. By trial amendment plaintiffs pleaded the statute of limitations of four years as a bar to the notes and liens in question.

The case was tried to the court without a jury and resulted in a judgment for plaintiffs canceling and holding for naught the deeds of trust in so far as such liens affected the lands against which the fore-

closure was sought, and removing said liens as a cloud upon the title; it was further adjudged that neither of plaintiffs was indebted to the defendant bank and the judgment canceled the indebtedness asserted by the defendant bank and intervener; the judgment denied the defendant bank and intervener any affirmative relief against plaintiffs on their cross-action, and with respect thereto provided that plaintiffs go hence without day and with their costs; the temporary injunction theretofore granted was made permanent. Defendant bank and intervener prosecute separate appeals.

## Opinion.

The trial court did not file separate findings of fact, and the only findings of fact and conclusions of law in the record are those noted in the judgment. The statement of facts sent up with the record cover more than 400 pages.

The first eight propositions submitted by appellants are to the effect that Mrs. Corder having authorized her husband, Eugene Corder, to transact all matters of business with appellant City-Central Bank & Trust Company and its predecessor, City National Bank, concerning the releasing by said banks of additional securities and collateral securities and collateral held by said banks to secure the indebtedness of her husband, and concerning the alteration of, and substitution for, such additional securities and collateral, she and her properties became bound as indicated and permitted and ratified by the deeds of trust, and that her husband purporting to act in all such transactions in behalf of Mrs. Corder and in his own behalf, all of which was known to her, was acting in said matters within the scope of his authority as her agent, and that she is now estopped to deny the authority of her husband to act for her, in the matters complained of. Under said several propositions appellants submit that the testimony of the witness India D. Heberer, the note teller for the bank, shows that on September 25, 1922, when appellees executed the deed of trust on said property securing the payment of the $15,925.94 note and the renewals and extension and other matters indicated in said deed of trust, appellees were indebted to the bank, as evidenced by their note, an approximate amount of $40,-079.74, and that after giving all credits and taking into consideration all renewals, extensions, and new loans the original indebtedness of appellees is now evidenced

by their two notes, one of date January 15, 1930, due April 15, 1930, for $11,646.19, and the other note of date January 31, 1930, due March 30, 1930, for $625.50, on which there is an unpaid balance of $600.50.

Appellants show from the statement in the record that appellees admitted that notes for a large amount other than the note described in the deed of trust of September 25, 1922, were then outstanding; that on September 29, 1926, appellees executed the extension agreement acknowledging an outstanding indebtedness secured by the former deed of trust in the amount of $55,398.30, evidenced by notes, and by the deed of trust of that date acknowledged the justness of said indebtedness. Other indebtedness and deeds of trust are asserted by defendant bank, but the validity of such is not involved here except as same may be affected by the judgment canceling the Frank Corder indebtedness. Appellees pleaded the bar of the statute of limitations of four years (Vernon's Ann.Civ.St. art. 5527) as to such notes and liens.

■ We need not, in this opinion, follow out severally all of appellants' contentions in the propositions. There is no question but that the wife may, by proper statutory proceedings, joined by the husband, encumber her separate property to secure her husband's indebtedness. These propositions are not controverted by plaintiffs.

■ The trial court in the judgment found that Mrs. Corder was entitled to the relief sought by her by reason of all and every lien created by the deed of trust and the extensions and cancelled same. While there is no specific finding that the relief granted is based upon any payment of the indebtedness, the assumption is that the indebtedness secured by the liens was paid or barred or both, and we think to consider such as the basis of the court's judgment. The matters involved in the cross-action are not considered in this connection.

Appellants contend that the evidence was insufficient to show payment.

■ Without stating the evidence, we have concluded the evidence is sufficient to sustain the court's finding that the debt was paid. The evidence is sufficiently clear that appellees had paid in the aggregate on the indebtedness the amount of $116,-440.50. The controlling point seems to be whether Mr. Corder owed any amount over and above the $15,935.90 at the time the first deed of trust was given in September,

1922. He testified that he did not, and the court must have so found. But, should we be mistaken in so holding, and without passing upon the question of appellees' plea of limitation of four years being filed out of due order, we think limitation would also bar appellants' suit. To undertake to state the evidence of payment running through a period of some ten years would serve no useful purpose.

The issues presented here are more of fact than of law. We have not discussed the propositions severally, but we have considered them all, and those not discussed are overruled.

We have concluded that the judgment of the trial court should be sustained in all things, and it is so ordered.

Affirmed.