Mary CHAPPELL et vir, Appellant,

v.

DALLAS COTTON BELT EMPLOYEES CREDIT UNION, Appellee.

No. 6407.

Court of Civil Appeals of Texas.

Amarillo.

April 19, 1954.

John B. Hainen and Milton K. Norton, Dallas, for appellants.

Corenbleth & Jaffe, Dallas, for appellee.

NORTHCUTT, Justice.

This is an action by Mary Chappell, appellant, joined by her husband, to recover $1,560 she claims to have on deposit with appellee. Mrs. Chappell was the former wife of G. J. Hammock, from whom she was divorced on June 13, 1951. Mrs. Hammock married Mr. Chappell on November 17, 1951. While she was still living with Mr. Hammock, Mrs. Hammock deposited $1,560 with the appellee. It is stipulated that this deposit was her separate property. On May 9, 1950, Mrs. Hammock secured a loan from appellee in the sum of $1,929 to purchase a Studebaker automobile and to secure such loan she pledged all her shares or deposits to appellee. Thereafter, the instrument not being dated, G. J. Hammock made an application to appellee for a loan of $1,610.73 to take over balance owed on wife, Mary Hammock's note and offered as security shares and co-maker. On June 6, 1951, a note for $1,610.73 was given for such loan and the note was signed by G. J. Hammock and Mrs. Mary Hammock and in said note the signers, to secure the full and satisfactory settlement of the obligation, pledged all their shares, payment on shares, and deposits which they or either of them had or thereafter might have in appellee. The note was payable in installments. After default was made in payment of several of the installments, appellee on April 4, 1952, notified appellant and G. J. Hammock that the Board of Directors had declared the entire balance due and payable and if full and satisfactory settlement of the obligation was not made by April 15, 1952, that all paid shares, payment on shares, and deposits which either or both of them might have in appellee would be applied by the treasurer to the payment of the loan.

It was the contention of appellant that the obligation of the note was that of G. J. Hammock. After failure of payment, appellee applied the deposit made by Mrs. Hammock to the payment of the note. After applying the deposit to the payment of the note, there was a balance due the appellant of $6.99, which appellee tendered to appellant. After appellee applied the funds as here outlined, appellant brought suit to recover the $1,560 with interest from date—appellee refused to pay said sum to appellant. The case was tried to the court without a jury. The court rendered judgment for the appellant for the sum of $7.21 as against the appellee, holding in effect that appellee was entitled to apply the funds deposited by appellant as payment of the note in question. From this judgment appellant has perfected this appeal.

Appellant presents this appeal upon nine assignments of error. All of the assignments complain of the findings of fact and conclusions of law as found by the trial court. Under this record, the only issue necessary to consider is whether the trial court correctly ruled that a wife may mortgage or pledge her separate property for a joint indebtedness or the indebtedness of her husband. Under the undisputed record in this case, appellant originally secured a loan from the appellee in the sum of $1,929 and pledged her shares or deposits as security for the payment of the note. Thereafter appellant's husband made application for a loan "to take over balance owed on wife, Mary Hammock's note." Appellant signed with her husband this last note and pledged her shares and deposits to secure the full and satisfactory settlement of the obligation and authorized ap-

pellee to apply the same to the payment of the note. Should it be conceded this obligation is now the sole obligation of the husband, it is well settled in this state that the wife may encumber her separate property to secure her husband's indebtedness. City—Central Bank & Trust Co. v. Corder, Tex.Civ.App., 91 S.W.2d 1126, writ of error dismissed; Bird v. Bird, Tex.Civ.App., 212 S.W. 253, writ refused.

Judgment of the trial court is affirmed.